IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| JARED PLUMB,<br><br>      Plaintiff,<br><br>v.<br><br>ROSS WHITAKER, an individual; and JOHN DOES 1-10,<br><br>      Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:20-cv-00574-TC-JCB<br><br>District Judge Tena Campbell<br><br>Magistrate Judge Jared C. Bennett |

      District Judge Tena Campbell referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Plaintiff Jared Plumb's ("Mr. Plumb") motion to compel discovery.[2] The court has carefully reviewed the parties' written memoranda. Under DUCivR 7-1(f), the court concludes that oral argument is not necessary and, therefore, decides the motion on the written memoranda.

## BACKGROUND

      Mr. Plumb—who is appearing pro se—filed a short-form discovery motion seeking the production of unredacted copies of documents that Defendant Ross Whitaker ("Dr. Whitaker") provided to Mr. Plumb in discovery. Dr. Whitaker, who is employed as a professor at the University of Utah, asserts that the redactions in the documents produced to Mr. Plumb contain

---

[1] ECF No. 20.

[2] ECF No. 32.

privileged communications with attorneys who work for the University of Utah Office of General Counsel ("OGC").  For the reasons stated below, the court denies Mr. Plumb's motion.

## ANALYSIS

The redacted portions of the produced documents are not discoverable because they are privileged.  Fed. R. Civ. P. 26(b)(1) provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  To assert a privilege, Rule 26(b)(5)(A) provides that a party must: (1) expressly assert a recognized privilege; and (2) describe the nature of the documents in a manner that does not reveal the privileged information but allows other parties to assess the merits of the privilege assertion.[3]  For the documents at issue in Mr. Plumb's motion, Dr. Whitaker expressly asserted attorney-client privilege and produced a privilege log and, subsequently, a revised privilege log that explained that the redactions in the produced documents contain communications from attorneys who work for the OGC.  The content and context of the documents in question show that the OGC had been consulted for legal advice regarding a dispute that Mr. Plumb had with the University of Utah's School of Computing regarding his continued enrollment in its doctoral program.  That information is sufficient to successfully assert attorney-client privilege under Rule 26.

However, Dr. Whitaker's satisfactory assertion of attorney-client privilege under Rule 26 does not end the court's inquiry.  The court must also determine whether the asserted privilege is

---

[3] Fed. R. Civ. P. 26(b)(5)(A)(i)-(ii).

2

valid. Because the only remaining claim in this action is under federal law,[4] the court applies the substantive law of privilege under federal law.[5] "The attorney-client privilege protects confidential communications by a client to an attorney made in order to obtain legal assistance from the attorney in his capacity as a legal advisor."[6] Where, as here, an attorney advises a large organization, the attorney's advice does not necessarily lose its privileged status merely because a non-lawyer employee within that organization communicates the attorney's advice to other non-lawyer employees within the organization.[7] Dr. Whitaker bears the burden of establishing that the documents at issue are privileged,[8] and he may do so based solely on the information provided in the privilege log.[9]

---

[4] ECF No. 16 (dismissing Mr. Plumb's claims in this action except for his claim under 42 U.S.C. § 1983 against Dr. Whitaker and John Does 1-10).

[5] Fed. R. Evid. 501; *Hooper v. Tulsa Cnty. Sheriff Dep't*, No. 96-5103, 113 F.3d 1246 (Table), 1997 WL 295424, at *3 (10th Cir. June 4, 1997) ("In a § 1983 case, privileges are governed by federal law.").

[6] *In re Grand Jury Proc.*, 616 F.3d 1172, 1182 (10th Cir. 2010) (quotations and citations omitted).

[7] *Williams v. Sprint/United Mgmt. Co.*, 238 F.R.D. 633, 638 (D. Kan. 2006) ("[T]he attorney-client privilege extends to communications made within a corporation if those communications are made for the purpose of securing legal advice."); *see also In re Rivastigmine Patent Litig.*, 237 F.R.D. 69, 80 (S.D.N.Y. 2006); *SmithKline Beecham Corp. v. Apotex Corp.*, 232 F.R.D. 467, 477 (E.D. Pa. 2005); *Valve Corp. v. Sierra Ent. Inc.*, No. C02-1683Z, 2004 WL 3780346, at *2 (W.D. Wash. Dec. 6, 2004); *Adams v. Gateway, Inc.*, No. 2:02-CV-106 TS, 2003 WL 23787856, at *11 (D. Utah Dec. 30, 2003); *Kintera, Inc. v. Convio, Inc.*, 219 F.R.D. 503, 514 (S.D. Cal. 2003).

[8] *Fed. Deposit Ins. Corp. v. United Pac. Ins. Co.*, 152 F.3d 1266, 1276 n.6 (10th Cir. 1998) ("The party seeking to invoke the attorney-client privilege has the burden of establishing its applicability.").

[9] *Deffenbaugh Indus., Inc. v. Unified Gov't of Wyandotte Cnty./Kan. City, Kan.*, No. 20-2204-JTM-KGG, 2021 WL 1612099, at *3 (D. Kan. Apr. 26, 2021) ("There is no basis for the Court to conduct an *in camera* review in situations wherein the privilege log at issue provides sufficient

Dr. Whitaker has carried his burden to establish that the redacted documents identified in the revised privilege log are protected by the attorney-client privilege. The context of the redacted documents along with the information provided in the revised privilege log show that non-attorneys were communicating about how to handle the dispute with Mr. Plumb, and, in their discussions, they referred to legal advice that attorneys who work for the OGC had provided about the situation. Although many of the redacted documents contain communications between non-attorneys, the non-attorneys belong to the organization that the OGC advises, and they were discussing advice, offered by the OGC, that was specific to the decision in question. The limited redactions in these documents appear to be references to those communications. Therefore, those redactions are protected by the attorney-client privilege and are not discoverable.[10] Accordingly, Mr. Plumb's motion to compel is denied.

Finally, Fed. R. Civ. P. 37(a)(5)(B) requires the court to address the issue of awarding reasonable expenses where, as here, the court denies a motion to compel. Specifically, that rule provides:

> If the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its

---

description of the documents withheld, the requesting party hasn't shown that the documents aren't privileged, and the underlying dispute comes down to whether the privileges apply." (quotations and citation omitted)).

[10] Mr. Plumb contends that because several of the redacted documents did not include an attorney in the discussion, the contents of the document cannot be privileged. ECF No. 32 at 2; ECF No. 32-1 at 3. However, as shown above, that is incorrect as a matter of law.

>reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.[11]

A party's litigation position is substantially justified "if it has a reasonable basis in both law and fact."[12] When considering Mr. Plumb's motion to compel, the court must also keep in mind that because he is proceeding pro se, his arguments are entitled to liberal construction.[13]

The court declines to award reasonable expenses here because it finds that Mr. Plumb's argument was substantially justified. Indeed, Dr. Whitaker's first privilege log was incorrect in its description of the nature of the documents, but, after revising that privilege log, it appropriately asserted the proper basis for attorney-client privilege. Nevertheless, Mr. Plumb's argument had a basis in fact. Therefore, Mr. Plumb's argument is substantially justified, which precludes the award of reasonable expenses.

---

[11] Fed. R. Civ. P. 37(a)(5)(B).

[12] *Hanover Potato Prods., Inc. v. Shalala*, 989 F.2d 123, 128 (3d Cir. 1993). Where, as here, Rule 37 employs the same term of art as the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A) ("EAJA"), for the same purpose of awarding costs and attorney fees, the court borrows from EAJA jurisprudence to determine substantial justification. *Lawson v. FMR LLC*, 571 U.S. 429, 459 (2014) ("[P]arallel text and purposes counsel in favor of interpreting . . . provisions consistently."); *Northcross v. Bd. of Educ. of Memphis City Schs.*, 412 U.S. 427, 428 (1973) (per curiam) (stating that when two provisions of different statutes share similar language, that is a "strong indication" they are to be interpreted consistently); *Morissette v. United States*, 342 U.S. 246, 263 (1952) (explaining that "where Congress borrows terms of art," it also borrows their meaning).

[13] *Tatten v. City & Cnty. of Denver*, 730 F. App'x 620, 623 (10th Cir. 2018) ("The Supreme Court has directed courts to hold pro se litigants' pleadings to less stringent standards than formal pleadings drafted by lawyers." (quotations and citation omitted)).

## **ORDER**

For the reasons stated above, Mr. Plumb's motion to compel discovery[14] is DENIED.[15]

IT IS SO ORDERED.

DATED October 28, 2021.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[14] ECF No. 32.

[15] Dr. Whitaker's response asks the court order Mr. Plumb to either destroy or return a document that Dr. Whitaker claims is protected by the work-product doctrine. ECF No. 33 at 3. The court will not do so because requests for relief cannot be raised in a response to a motion. DUCivR 7-1(b)(1)(A) ("No motion, including but not limited to cross-motions and motions pursuant to Fed. R. Civ. P. 56(d), may be included in a response or reply memorandum. Such motions must be made in a separate document."). If Dr. Whitaker would like to obtain affirmative relief in this regard, he must file a motion.