IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JARED PLUMB,<br><br>   Plaintiff,<br><br>v.<br><br>UNIVERSITY OF UTAH, ROSS WHITAKER, an individual, and JOHN DOES 1-10,<br><br>   Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:20-cv-00574-TC-JCB<br><br>District Judge Tena Campbell<br>Magistrate Judge Jared C. Bennett |

On April 19, 2022, the court granted Defendant Ross Whitaker's motion for summary judgment and denied Plaintiff Jared Plumb's motion for partial summary judgment. (ECF No. 50.) The court entered final judgment in favor of the Defendants. (ECF No. 51.) Mr. Plumb timely filed a motion to alter or amend judgment under Federal Rule of Civil Procedure 59. (ECF No. 53.) It has since been fully briefed. (ECF Nos. 54 & 55.)

The Tenth Circuit has set forth the grounds on which a motion for reconsideration is appropriate. They include "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing Brumark Corp. v. Samson Res. Corp., 57 F.3d 941, 948 (10th Cir. 1995)). Rule 59 cannot be used "to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." Exxon Shipping Co. v.

Baker, 554 U.S. 471, 485 n.5 (2008) (quoting 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2810.1 (2d ed. 1995)).

In arguing that the court misapprehended the facts and committed clear error, Mr. Plumb makes three points: First, the court considered hearsay in granting summary judgment; second, the court overlooked some of his facts; and third, Magistrate Judge Jared C. Bennett should have recused on Mr. Plumb's motion to compel discovery.

Mr. Plumb believes that Dr. Whitaker's deposition transcript is hearsay. He is correct, as the deposition transcript is an out-of-court statement being offered to prove the truth of the matter asserted. Fed. R. Evid. 801(c). But despite being hearsay, depositions are admissible on summary judgment. See Fed. R. Civ. P. 56(c)(1)(A). This is because at trial Dr. Whitaker would presumably take the stand and testify about the events covered in his deposition—events about which he has personal knowledge. See, e.g., Diamonds Plus, Inc. v. Kolber, 960 F.2d 765, 768 (8th Cir. 1992); cf. Trevizo v. Adams, 455 F.3d 1155, 1160 (10th Cir. 2006) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)). This objection is overruled.

Mr. Plumb's second objection is also misplaced. He attempts to create genuine disputes of material fact where the court already found none. Mr. Plumb's arguments and speculation about what the facts may be are not evidence; they cannot be used to oppose summary judgment. He offers no evidence that the court erred when it found that Dr. Whitaker and the University gave him sufficient notice of his academic deficiencies and that the faculty made a careful and deliberate decision to dismiss him. Harris v. Blake, 798 F.2d 419, 423 (10th Cir. 1986) (citing Bd. of Curators of Univ. of Mo. v. Horowitz, 435 U.S. 78, 85 (1978)). He also does not challenge the court's finding that the faculty's decision was neither "arbitrary," nor "lacking a rational basis," nor "shocking to the conscience of federal judges." Butler v. Rio Rancho Pub.

Sch. Bd. of Educ., 341 F.3d 1197, 1200–01 (10th Cir. 2003). Even assuming the truth of the facts Mr. Plumb claims the court "overlooked," the result would not change. The University's decision to dismiss him may not have been commendable or even correct, but it did not violate Mr. Plumb's due-process rights. Again, Rule 59 is an inappropriate vehicle to "relitigate old matters." Exxon Shipping Co, 554 U.S. at 485 n.5. This objection is overruled.

Finally, Mr. Plumb's objection to Judge Bennett's participation in resolving a discovery motion is untimely. The proper move would have been to file an objection under Federal Rule of Civil Procedure 72(a). See DUCivR 37-1(f), 72-3. Had he done so within fourteen days of Judge Bennett's order, the court would have considered his objections under a clear-error standard. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Because he failed to do so, his objection is waived.

Mr. Plumb's Rule 59 motion does not meet the Servants of Paraclete standard. Accordingly, the court DENIES his motion. (ECF No. 53.)

DATED this 8th day of June, 2022.

BY THE COURT:

*Tena Campbell*
TENA CAMPBELL
United States District Judge